<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| POH EAN TAN, WAI LOONG KONG, AND CHOW SIM SENG, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>PKLL INC. D/B/A COCO MALAYSIAN & THAI CUISINE, PIANG LIM LIEW A/K/A "JERRY", AND KOOI SHIAM LIEW A/K/A "GRACE,<br><br>Defendants. | Civil Action No. 23-02512(JKS)(CLW)<br><br>**OPINION**<br><br>April 18, 2024 |

**SEMPER**, District Judge.

Currently pending before the Court is Defendants PKLL Inc., Piang Lim Liew, and Kooi Shiam Liew's (collectively, "Defendants") motion to dismiss Plaintiffs' Complaint as it pertains solely to Plaintiff Wai Loong Kong ("Plaintiff Kong") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF 5.) Plaintiff filed a brief in opposition. (ECF 7.)[2] Defendants did not file a reply. The Court reviewed the Plaintiffs' Complaint and the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

---

[1] Defendants' motion is limited solely to claims as asserted by Plaintiff Kong. Therefore, the Court will not construe any of these arguments as if directed toward the other Plaintiffs.

[2] Defendants' brief in support of its motion (ECF 5) will be referred to as "Def. Br." Plaintiff's brief in opposition (ECF 7) will be referred to as "Opp." Plaintiffs' Complaint will be referred to as "Compl." (ECF 1.)

1

I.      FACTUAL AND PROCEDURAL BACKGROUND

When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). Accordingly, the following facts are taken from Plaintiff's Complaint.

From approximately May 20, 2022 to on or around April 11, 2023, Plaintiff Kong was employed as a chef at Defendants' restaurant, Coco Malaysian & Thai Cuisine, in Edison, New Jersey. (ECF 1, Compl. ¶¶ 13-14.) His duties as a chef included food preparation, cooking, and stocking and purchasing food materials. (*Id.* ¶ 71.) Defendants Piang Lim Liew and Kooi Shiam Liew controlled and determined Plaintiff's work schedule, determined his rate of compensation and methods of payment, handled his wage payments, and maintained his employment records. (*Id.* ¶¶ 31-33.)

While employed at Coco Malaysian & Thai Cuisine, Plaintiff Kong worked seven days a week. (*Id.* ¶ 72.) He worked six days at the restaurant. (*Id.*) On Wednesdays, he went to the market to purchase supplies for the restaurant. (*Id.* ¶¶ 72-73) On Sundays, Mondays, Tuesdays, and Thursdays, Plaintiff Kong arrived around 8:00 A.M. to open the restaurant and start food preparation and cooking. (*Id.*) He left the restaurant around 8:00 P.M. (*Id.*) On Fridays and Saturdays, Plaintiff Kong arrived at the restaurant around 8:00 A.M. and left around 9:00 P.M. (*Id.*) Plaintiff Kong alleges that he worked approximately 81 hours per week. (*Id.* ¶ 75.) During Plaintiff Kong's workdays, there were no designated meal breaks or uninterrupted breaks. (*Id.* ¶ 74.)

From approximately May 20, 2022 to approximately April 11, 2023, Plaintiff Kong received a fixed income of $6,500 per month regardless of the actual hours he worked. (*Id.* ¶ 76.)

2

From approximately May 20, 2022 to approximately September 2022, Plaintiff Kong was paid in cash. (*Id.*) From approximately October 2022 to approximately April 11, 2023, Plaintiff Kong was paid $2,500 by check and $3,500 in cash monthly. (*Id.*) At all relevant times, Kong was paid twice a month by Defendant Piang Lim Liew on the 5th and the 20th of each month. (*Id.*) Plaintiff Kong further alleges that Defendants systematically took unlawful deductions from his wages, including deductions of roughly $60 to $100 per month for electric, water, utility, and cleaning fees. (*Id.* ¶ 78.)

Defendants did not notify Plaintiff Kong of the Fair Labor Standards Act ("FLSA") or New Jersey Wage and Hour Law's ("NJWHL") minimum wage provisions. (*Id.* ¶ 70.) Defendants did not provide Plaintiff Kong with a written wage notice in English or Chinese (*id.* ¶ 79) or provide Plaintiff Kong with a sufficient wage statement with every wage payment. (*Id.* ¶ 83.) Plaintiff Kong asserts he was not an overtime exempt employee under federal or state law. (*Id.* ¶ 81.)

Plaintiffs filed their Complaint on May 8, 2023. (*See generally* Compl.) As relevant to Plaintiff Kong, the Complaint asserts claims for unpaid overtime compensation under the FLSA, 29 U.S.C. § 201 *et seq.* (Count II); unpaid overtime wages under the NJWHL, N.J. Stat. Ann. § 34:11-56a *et seq.* (Count III); and Improper Wage Deduction pursuant to N.J. Stat. Ann. § 34:11-4.4 (Count VI).

On July 20, 2023, Defendants moved to dismiss the claims asserted by Plaintiff Kong. (*See generally* Def. Br.) However, Defendants' motion only addresses Plaintiff Kong's unpaid overtime compensation claims (Counts II and III), so the Court will limit its analysis to these claims.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the Rule, it

must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. ANALYSIS

#### A. Executive Employee Exemption

Defendants assert that Plaintiff Kong's FLSA and NJWHL claims must be dismissed because Plaintiff was an exempt employee not entitled to overtime wages. (Def. Br. at 8-12, 14.) Plaintiff asserts that he was not an exempt employee. (Compl. ¶ 81; Opp. at 4-6.)

The FLSA requires employers to pay overtime compensation for a non-exempt employee's work that is over forty hours per week. 29 U.S.C. § 207. However, 29 U.S.C. § 213 provides that "any employee employed in a bona fide executive, administrative, or professional capacity" is exempt from the overtime requirement. 29 U.S.C. § 213(a)(1). New Jersey also exempts employees who work "in a bona fide executive, administrative, professional or outside sales capacity." N.J. Admin. Code § 12:56-7.1. The New Jersey regulation addressing these exemptions "is modeled upon and in many instances identical to the FLSA regulation defining the 'executive' exemption." *Marx v. Friendly Ice Cream Corp.*, 882 A.2d 374, 379 (N.J. Super. Ct. App. Div. 2005). Accordingly, under federal and state law, an executive employee is:

> (1) Compensated on a "salary basis" at a rate of not less than $455 per week; (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) Who "customarily and regularly" directs the work of two or more other employees; and (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

*Lin v. Fada Grp. Inc.*, No. 20-5942, 2021 WL 423757, at *2 (D.N.J. Feb. 4, 2021) (quoting *Soehnle v. Hess Corp.*, 399 F. App'x 749, 751 n.2 (3d Cir. 2010) (citing 29 C.F.R. § 541.100(a)(1)-(4)) (emphasis omitted))). If an employee satisfies all four requirements of the regulation, he is an exempt employee, and the overtime pay requirements do not apply. *Soehnle* 399 F. App'x at 751.

In arguing that Plaintiff Kong is an exempt employee, Defendants rely upon facts not within the Complaint. (Opp. at 4-6.) In the Complaint, Plaintiff Kong asserts he was not an overtime exempt employee under federal or state law. (Compl. ¶ 81.) In resolving the Defendants' motion to dismiss, this disputed fact must be viewed in Plaintiff Kong's favor. *Brown v. Apothaker & Assocs., P.C.*, No. 17-03994, 2018 WL 1605148, at *3 (D.N.J. Apr. 3, 2018); s*ee Jackson v. Sweet Home Healthcare*, No. 16-2353, 2017 WL 1333001, at *2 (E.D. Pa. Apr. 5, 2017) ("Courts have uniformly held that unless it is apparent from the face of the complaint that an FLSA

5

exemption applies, granting a motion to dismiss based on an exemption affirmative defense is inappropriate."). Exemptions from the overtime requirements are to be narrowly construed against the employer, and the employer has the burden of establishing an exemption applies. *Brown*, 2018 WL 1605148, at *3 (citing *Guthrie v. Lady Jane Collieries, Inc.*, 722 F. 2d 1141, 1143 (3d Cir. 1983)). Therefore, Plaintiff Kong's claims will not be dismissed on the basis that he was an executive employee.

### B. Overtime Compensation

Alternatively, Defendants argue that Plaintiff Kong was adequately compensated for his overtime work under both the FLSA and NJWHL. (Def. Br. at 12-15.) Plaintiff counters that Defendants' overtime compensation calculation is incorrect because Defendants used the wrong rate of pay in their calculation. (Opp. 6-7.) However, in the Complaint, Plaintiff Kong fails to indicate his hourly rate of pay. (*See generally* Compl.)

The FLSA requires that an employee receive overtime pay for work performed over 40 hours in any workweek at a rate not less than one and a half times the employee's regular rate of pay. 29 U.S.C. § 207. The NJWHL mirrors its federal counterpart. *Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. July 19, 2011) (citing *Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (finding that the NJWHL is analogous to the FLSA and therefore "interpretations construing FLSA are applicable"). Like the FLSA, the NJWHL requires employers to pay their employees at least time and a half for working more than forty hours a week. N.J. Stat. Ann. §§ 34:11-56a; 34:11-56a4. Thus, the Court considers Plaintiff's FLSA and NJWHL claims together.

Under the FLSA, an employee's "regular rate" of pay means the hourly rate. 29 C.F.R. § 778.109. While an employer need not compensate employees on an hourly basis, overtime

6

compensation must be based on an hourly rate. *Id.* Because Plaintiff Kong failed to include his hourly rate of pay in the Complaint, the Court cannot determine whether Plaintiff was paid the proper rate for overtime hours.[3] *Lin*, 2021 WL 423757, at *3. Therefore, Plaintiff fails to state a claim. Counts II and III are dismissed without prejudice.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED** and Counts II and III as asserted by Plaintiff Kong are dismissed without prejudice. Plaintiffs have thirty days to file an amended complaint that cures the deficiencies noted within this opinion. An appropriate order follows.

*/s/  Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:       Clerk
cc:         Cathy L. Waldor, U.S.M.J.
            Parties

---

[3] The Complaint also fails to include Plaintiff Chow Sim Seng's hourly rate of pay.